IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HANWA AMERICAN CORP. | § | |
| | § | |
| *vs*. | § | C.A. NO. H – 09 – 3952 |
| | § | ADMIRALTY |
| M/V SAGA MORUS, *etc., et al*. | § | |

## *ORIGINAL COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Hanwa American Corp. files this Original Complaint against Defendants, the M/V SAGA MORUS, *in rem*, and Attic Forest AS ("Attic") and Cooper/T. Smith Stevedoring Company, Inc. ("Cooper"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1. This action arises from damage and loss to maritime cargos, a maritime tort and/or breaches of maritime contracts. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Plaintiff is a New York corporation with its principal place of business in Fort Lee, New Jersey.

3. At all times material, Attic owned, managed and/or operated the M/V SAGA MORUS as a common carrier of goods by water for hire between various ports, including the Ports of Inchon, South Korea and Houston. Attic is a foreign

entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  Attic is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Attic may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and Attic has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Attic is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Attic with a summons is effective to establish personal jurisdiction over it.  Attic can be served by serving the Texas Secretary of State.  Process or notice can be sent to Attic at its home office, Orsnesalleen 20, Postboks 40, 3106 Notteroy, Norway.

4. At all times material, Cooper was a Texas corporation engaged in the business of loading and discharging cargos to and from vessels at the Port of Houston. Cooper can be served by its registered agent, CT Corporation System, 350 N. St. Paul, Dallas, Texas 75201–4201.

5. On or about November 12, 2008, Plaintiff's shipper tendered in good order and condition to Attic at Inchon cargos of wide flange beams. Attic agreed safely to receive, load, stow, secure, carry, discharge and deliver at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges. Attic acknowledged receipt of the cargos in good order and condition and accordingly therewith issued various bills of lading including Bills of Lading Nos. DWLGSAGHOU810834 through DWLGSAGHOU810887 at Seoul, South Korea, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V SAGA MORUS.

6. On or about January 4, 2009, the M/V SAGA MORUS arrived at Houston where Cooper later discharged the cargos, not in the same good order and condition as when received but, on the contrary, much of the cargos was dented, bent, nicked, gouged, smashed, crushed, out of round, loose, mixed, compressed, short, slack, missing, never delivered and otherwise physically damaged. The shortages and losses proximately resulted from Attic's acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire. Alternatively, the loss proximately resulted from the unseaworthiness of the M/V SAGA MORUS.

7. Alternatively, the shortages and losses proximately resulted from Cooper's conduct in failing properly to discharge the cargos from the M/V SAGA MORUS. That conduct constituted negligence, breach of contract, breach of bailment

and/or failure to perform services in a workmanlike manner.

8.     Plaintiff proximately has sustained damages exceeding $31,310.46 plus interest dating from November 12, 2008, demand for which has been made upon Defendants but which they refuse to pay.

9.     At all times material, Plaintiff owned the cargos and/or brings this claim for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), that are or become interested in the cargos.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Hanwa American Corp. prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V SAGA MORUS, her engines, tackle, apparel, *etc*.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V SAGA MORUS be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that the M/V SAGA MORUS, *in rem*, and Attic Forest AS and Cooper/T. Smith Stevedoring Company, Inc., *in personam*, jointly and severally, are liable to Plaintiff for its damages and attorney fees as alleged, plus pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

                Respectfully submitted,

                *SHARPE & OLIVER, L.L.P.*

By _____
      Robert C. Oliver
      State Bar No. 15255700
      S. D. Texas No. 886
      550 Westcott, Suite 230
      Houston, Texas 77007-5096
      Telephone:   (713) 864–2221
      Facsimile:   (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

                ATTORNEYS FOR PLAINTIFF

*PLEASE SERVE:*

**Attic Forest AS**
By serving the Texas Secretary of State
With copies of service or notice sent to:
Orsnesalleen 20
Postboks 40
3106 Notteroy, Norway

**Cooper/T. Smith Stevedoring Company, Inc.**
By serving its registered agent:
CT Corporation System
350 N. St. Paul
Dallas, Texas 75201–4201